FILED

MAR - 9 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

# United States District Court

| | |
|---|---|
| **District** Eastern, C.A. | |
| Name Curtis Scott | Prisoner No. K-91539 | Case No. 1:09 cv 0448- 2227 GEB KJM P |

Place of Confinement
C.S.P Corcoran
P.O. Box 3461
Corcoran CA. 93212

Name of Petitioner (include name under which convicted)          Name of Respondent (authorized person having custody of petitioner)

v.

Curtis Scott                                    Derryl Adams, Warden

The Attorney General of the State of:

Terry Brown,

## PETITION

AMENDED

1. Name and location of court which entered the judgment of conviction under attack  Amador County Superior Court; City of Jackson

2. Date of judgment of conviction  June-1-06

3. Length of sentence  Two (2) consecutive 25 years to life

4. Nature of offense involved (all counts)  4501.5 P.C. Battery on a non-confi-, ned person by prisoner 69 P.C. Resisting and Executive officer

5. What was your plea? (Check one)
   (a) Not guilty   ☑
   (b) Guilty   ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury   ☑
   (b) Judge only   ☐

7. Did you testify at the trial?
   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑  No ☐

(2)

9. If you did appeal, answer the following:

(a) Name of court  Third Appellate Dior C.A.

(b) Result  Conviction affirmed

(c) Date of result and citation, if known  Sep - 18 - 07

(d) Grounds raised  Denial of the right to self-representation Judicial misconduct improper restrainting failure to instructor caution on restraint Due-Sponte),

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  Calif Supreme Court

(2) Result  review denied, Affirmed judgement

(3) Date of result and citation, if known  Dec - 19 - 07

(4) Grounds raised  Same as  9 (d)

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  California Supreme Court

(2) Nature of proceeding  habeas corpus

(3) Grounds raised  Contravention of a different
State Plea-agreement/insufficient Evid,-;

AO 241 (Rev. 5/85)

_Trial court abuse of discretion, (Denial of a fair trial, Ineffective assistance of trial, and Appellate counsel(s)._

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐
(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐  No ☐
(2) Second petition,        Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Petitioner was improperly denied his Constitutional right to represent himself,

Supporting FACTS (state *briefly* without citing cases or law) Petitioner was repeatedly shuttled between attorneys without good cause showing and frequently denied adequate access to their counsel, made 10 desperate pleas to represent himself most of which were ignored all of which were inadequately addressed and ultimately improperly denied

B. Ground two: Trial Court improperly required that Petitioner wear physical restraints without evident necessity

Supporting FACTS (state *briefly* without citing cases or law): On may 30 prior to the commencement of jury selection the court told the defense that during the trial petitioner would be required to wear a leg brace the court insistence that petitioner wear physical restraints violated petitioners due process right to a fair trial.

C. Ground three: Trial Court failed its Sua Sponte obligation to caution the jury to disregard the physical restraints

Supporting FACTS (state *briefly* without citing cases or law): when the jury entered the court room, the court identified petitioner as wearing "prison garb", and not to be prejudiced or bias of that fact, but failed to similarly caution the jury to draw a negative inference from the physical restrains placed on him.

D. Ground four: The Courts improper disparagement to the jury was judicial misconduct and drove petitioner from the Courtroom)."

Supporting FACTS (state *briefly* without citing cases or law): During the Courts intro ductory comments to the jury panel within moments the Court implied that petitioner was dressed like a clown, had been uncoopera-tive and may jump around and raise hell, in these disparaging remarks drove petitioner to ask to be removed denying due process and confr-ontation.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

**7. Ground 2 or Ground 5 (if applicable):**

The State trial court contravened the petitioners plea-agreement in a different State in the application of its use as a prior conviction(s)

**a. Supporting facts:**

The State trial courts finding and ruling on the use of petitioners State of Arizona (1986) plea-Agreement in consolidated criminal case No CR 158313 and 160284 to augment the current sentencing without a finding that is consistent with a proper application of State contract law in interpreting a different States plea-agreement was an unreasonable application of clearly established federal law and the denial of due process

**b. Supporting cases, rules, or other authority:**

Prima facie case showing (See Reporter Transcripts, (pages* 594 thru *600).

7. Ground 2 or Ground __6__ (if applicable):

The trial courts instruction and jury trial finding the petitioners plea-Agreement in a different State as prior convictions are not supported on sufficient evidence, or lawful jury verdict

a. Supporting facts:

The jury trial on the allegation of prior conviction (s) on the basis of a different States plea agreement is not supported on any of the State of Arizona as the original court of jurisdiction official factual basis record of the final judgement and does not meet the burden of proof standard that require's. The pleading of a prior conviction must be conclusive of the fact of the official accusatory pleading in the form of a charging document, Due process violation

b. Supporting cases, rules, or other authority: Prima facia case showing (see: Reporter Transcripts pages* 591 thru 592).

The trial court abused it's discretion in deny-
ing petitioner the right to admit to the States
allegations of prior conviction(s) before the
charges where read to the jury.

a. Supporting facts:

The trial court stated, No, I'm not going
to allow the defendant to admit the prior convi-
ction for two reasons, actually that reasons
Number one he does'nt have the right to admit
those prior conviction,;
                                    further in pertinent
part, The court stated, but he is not entitled
under any theory of law to admit the priors,
take away from the jury for that reason your
request is denied, we can bring the jury in.

"A direct constitutional violation"

b. Supporting cases, rules, or other authority:
                          Prima facie case showing (See:
Reporter Transcripts pages* 584 thru 587).

7. Ground 2 or Ground __8__ *(if applicable):*

Ineffective assistance of trial defense
counsel due to a conflict of intrest

a. Supporting facts:

Trial defense counsel was acting as
and agent for the prosecution when he informed
the court that on the basis of a prior addmiss-
ion in a state of California trial court to the
State of Arizona plea-agreement on those ba-
sis petitioner had forfeited his jurisdiction
al claims afforded in the original jurisdic-
tion as these rights were given up in the
(1998) county of monterey findings even tho-
ugh no proper application of state contract
law in interperting the state of Arizona
plea-agreement was ever conducted in the
Monterey county superior Courts finding and
identify's possible corruption and disloyality
as the (1998) finding consriture an unreason-
able application of clearly established feder-
al,

b. Supporting cases, rules, or other authority:

Prima facie case showing (See:
Reporter Transcripts pages* 342 thru 346) Also -
see RT s pages 579 thru 583).

7. Ground 2 or Ground ___9___ (if applicable):

The trial court abused its discretion in finding
petitioners plea agreement in a different State
qulified as a prior conviction under the applied
authorities of People v. Mumm

a. Supporting facts:

Plea-Agreements are contracts and
interpertation is limited to state contract
law analysis the State courts findings under
People v. Mumm is not consistent with the pro-
per application of State contract law in the
interperring of the State of Arizonas plea-
agreement was contrary to or involved an unrea-
sonable application of clearly established federal
law as determined by the Supreme Court of the
United States an or based on an unreasonable
determination of facts in light of the eviden-
ce presented in the State court.

Due process violation

b. Supporting cases, rules, or other authority:

Prima facie case showing (See:
Reporter Transcripts pages⁴ 594 thru 600).

7. Ground 2 or Ground __10__ (if applicable):

Ineffective assistance of trial counsel in failure
to afford petitioner a proper mental evaluation to
determine the mental competency issue that
was render to the court

a. Supporting facts:
Trial defense counsel stated for the
record that he in fact beleived petitioner has
mental issues but is not insane and then pro
ceeded to join the trial court in and overt confl-,
ver of intrest, in the entering of and accessment from
the bench what they required to satisfy there
own mental evaluation standard, violating
due process.

b. Supporting cases, rules, or other authority:
Prima facie case showing. (See
Reporter Transcripts 349 thru 353 (RT's pages 403
thru 431, (also see RT's page 333).

7. Ground 2 or Ground __II__ (if applicable):

The State trial Court abused its discretion in
denying the petitioner's right to entry addmission
to his plea-agreement in a different State and
confirm his charging bargain is limited to the offense

a. Supporting facts: agreed upon in the official final judgement"

Petitioner maintains the trial courts refusal
to allow the petitioner to entry and addmission
to the official factual basis record (s) of the
State of Arizona plea-agreement, prejudicially
allowed the trial court to take judicial notice of
the Arizona Statute defining Robbery under A.R.S.
Sec 13-1902 and falsely allege petitioner was
convicted of the felony offense of robbery in vio-;
lation of section 13-1902 of the Arizona Revised
Statutes,

To the contrary this judicial notice is
not consistent with the integrity of the final
judgement of the Arizona State plea-agreement.
and constitutes a judicial notice, pursuant to Cal;
Evid. Code Sec. 452(a) 452(d)(2) and 455 far exceeds
the trial courts jurisdiction plea agreements
are constitutionally totally binding an exclusi-,
ve to the official written record.).

b. Supporting cases, rules, or other authority:
Prima facie case showing (See;
official record of Judicial Notice; Clerks Trans-
cripts pages* 432-433-434 (See also Reporter
Transcripts pages* 590-591-592).

7. Ground 2 or Ground __12__ (if applicable):

The State prosecutor committed misconduct in the contravening of a different States plea agreement in requesting the trial court take judicial notice of A.R.S 313-1902 defining Robbery as the petitioners convicts, on (5) in Arizona State Criminal case* CR-158313 and

a. Supporting facts:
"CR-160284").

Petitioner maintains in contradiction to the State prosecutions, judicial notice pursuant to 3; Arizona Revised Statutes, 13-1902, defining Robbery as the petitioners foreign State conviction(s) in the (1986) Arizona State Criminal case of CR-158-313 and CR-160284, also no charging document is in support of this constitutionally barred charging allegation as the petitioner did in fact enter into a charging bargain, plea-agreement to Two*2 consolidated counts of Non-dangerous Non-Repetitive offense(s) of Armed Robbery 3 as defined under A.R.S 13-1904). expectation of final-ity is applicable. ___ Notice, The Arizona State plea-agreement, Term* (4) stipulates the final judgement is limited to the offense to which the defendant pleads without any addition pleading and is totality constitutionally-

b. Supporting cases, rules, or other authority:
("binding").

Notice Prima facie case showing (See: Clerk Transcripts, pages* 432-433-434 also C.T. page* 525- and 575, (See also Report er Transcripts page* Na*, 588 thru 592 (See: Arizona State Plea agreement, Clerk Transcripts page* 434 page* 4-5-6-7 Term *(4))

PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP   Page full of an

Ineffective assistance of trial counsel conflict
of interest, for acting in collusion with the trial
court in contriving a trial defense strategy
denying petitioner's rights to a fair and impartial
trial.")"

a. Supporting facts:

Petitioner maintains Trial defense
counsel was not only disloyal and unwilling
to follow up on the petitioners previous purposed
"Excessive Use Of Force" trial defense strategy
but to the contrary in a conflict of interest act-
ed in a manner as a agent for the prosecution
and "on the face of the record" is identified as
collaborating with the trial court judge and
prosecutor on contriving a self-defense trial.
Thereby meant to induce a conspiracy on the
advocacy of the trial court non-impartial
primary interest that if no defense was not
entertained the pre-meditated conviction as
to count* (1) would be reversed on appeal;
                                    therein
denying the petitioner the right to effective
assistance of counsel, and impartial trial.

b. Supporting cases, rules, or other authority:

Prima facie case showing (see:
Reporter Transcripts pages* 456 thru 459 also
R.T. page* 476-477 (R.T. page* 561-562; also see:
Clerk Transcript page* 95 item (11)

**7. Ground 2 or Ground  14  (if applicable):**

Ineffective assistance of trial counsel in
his failure to properly investigate and raise
a reasonable level of cross examination in the
support of the right to and effective defense

**a. Supporting facts:**

Trial counsel failed to investigate and
determine that while cross-examining the
key and only eyewitness C/O H L Martin concern-
ning the identification of the crime scene
photograph(s) listed as People's Evidence Exhi-
bits* (1)(2)(3) were in fact taken by him and
he C/O Martin was intentionally being eva-
sive and giving misleading testimony his
signature is on the label of the crime scene
photo's and implicates the facts that no pro-
cedural due process safegaurds where put
in place to secure the integrity of the crime
scene investigation and as a matter of law
and administrative rules and regulations
violations the jury should have been infor-
rmed of the conflict of interest and perjur-
ious testimony used to violate the petiti-;
oners constitutional rights to effective
**b. Supporting cases, rules, or other authority:** counsel and a fair trial.)

Prima facie case showing, (See Reporter
Transcripts pages 436-37 (R.Ts 566, (Also see
Clerk Transcripts page* 633 Notice C/O H L
Martins signature on crime scene photos.

7. Ground 2 or Ground **1 5** (if applicable):

Ineffective assistance of trial defense counsel due to his failure to conduct a proper investigation and call a single witness in support of and effective defen- nse.

a. Supporting facts:

Trial counsel of record Mr. Steven Cilenti did refuse to call a single witness in petitioners favor or adverse in nature which must be afforded in all criminal proceedings petitioner contends that prior to Mr Cilenti's appointment, three (3) previous court appointed defense counsel(s) had conducted a proper and recorded case investigation and determined there were favorable and material witness (s) in support of a realiable defense theory. Notice CTs page *397 thru 401, Was not excured)". But as alleged to the contrary eventual trial counsel Mr. Cilenti acting in a bias and continual pattern meant to undermine or either abandon the prior court appoi- nted defense counsel (s) (Mr. Fannon, Mr Basperemi, and Ms Hipage effective factual defense theory. To the subjection of Mr Cilenti bias and contrived defen- se involving the primary denial of the right to call a single defense witness (See attached page;

b. Supporting cases, rules, or other authority:

Prima facie case showing (See Marsden Motion(s) Reporter Transcripts, page 9(1)1-17-04 (pg 131(a-2-03), (-, pg *162(2-7-03) (pages *609 thru 617( 6-27-06),(Notice Clerk-) Transcripts page 95-96 para 10-11-12 date 12-7-04) (also-, RTs page *397 *8 since 11-16 (Additional CTs pg 287 228 CTs pg 297-38-39-60, CTs pg 280-39-23 (CTs pg 397 401

and in a effort to disquise the record from the
facts and evidence of wrong doing and conduct
that can be deemed as and agent and advocate in
favor of the prosecution after introducting a
motion in Limine offering in agreement to omitt
a bias selection of potential witness(s) meant
to filiciate a scheme to exclude all cross-exam-
ination of adverse or favorable witness(s) on
the basis of non-verified cumulative testimony
as no-ruling or hearing on the Limine motion
was entered supporting trial defense counselo
efforts to aid and Lessen the prosecutions
burden of proof.

       As alleged trial counsel in
addition further acted to create a bias and in-,
accurate record on review or appeal connected
to this issue counsel of record, did knowingly act
to remove the petitioners independent investi;
gation and grathering of material evidence
and sworn favorable witness(s) testimonie's
giving under color of law in the administra-,
tive adverserial disciplinary hearing(s) and
11 Proper trial readiness motion(s) from the
official record(s) on appeal, surpressing
evidence of the error in denying petitioners
constitutional rights to call and confront all
witness(s) in this case there was no blam-,
ce in the picture of evidence for and against

7. Ground 2 or Ground __16__ (if applicable):

The state trial court committed judicial mis-
conduct in the selective taken of judicial Notice
of BRS 13-1902 as a prior commission.) used in support
of a criminal conspiracy over-reaching lawful jur-
a. Supporting facts: isdiction).
Petitioner maintains the trial court
abused its discretion while acting in collusion
with the States prosecutor to take judicial
notice of Cal Evid code sec 452, (a) and 453, of
the State of Arizona Revised Statutes 13-1902
which defines the felony offense of Robbery
in Arizona.

And further requested the trial
court to take judicial notice pursuant to Evid
code sec 452 (a) 452 (d)(2) and 453 of the records
of the Superior Court of Arizona County of Mar-
icopa in the case of the State of Arizona V. -,
Curtis Scott case No 158313 and case No CR-160284
in each of which cases the defendant was convic-
ted of the felony offense of robbery in violation
of section 13-1902 of the Arizona Revised Statutes

Notice; See additional attached page

b. Supporting cases, rules, or other authority: Prima facie case showing (See:
Reporters Transcripts pages* 383-384) RTo pgs 591-,
392)

PETITION FOR WRIT OF HABEAS CORPUS     WEST GROUP

1  Petitioners contention maintains that to
2  the contrary of the State of Californias
3  prosecutors request that the trial court take
4  judicial notice that petitioner was convicted
5  in the State of Arizona Y Curtis Scott in case
6  No CR-158313 and case No.* CR-160284 in each case
7  the petitioner was convicted of the felony
8  offense of robbery in violation of section 3.
9  13-1902 to the contrary there are no trier
10 of fact or official record in support of this
11 allegation of prior conviction

12                                    petitioner
13 maintains there is in fact official factual
14 basis record(s) that indicates petitioner
15 enter into a (1986) Plea-agreement in the
16 State of Arizona to (2) two counts of Non-da-
17 ngerous Non-repetitive class*a Armed rob-
18 bery in violation of section 13-1904 of the
19 Arizona Revised Statutes in case No CR-158313
20 and case No CR-160284 and is deemed the fin-
21 al judgement and plea-agreements are a
22 matter of State law and are interpetted
23 under contract law analysis and there is a
24 expectation of finality in all Arizona State
25 sentencing as Arizona Superior Courts are not
26 authorized to modify a lawful sentence so
27 there is no record of a (13-1902 included offe
28 not subject to judicial notice or jury finding
   in a different State).

7. Ground 2 or Ground __17__ *(if applicable)*:

The trial Court abused its discretion while acting in collusion with the prosecution instructed the jury to reach a verdict on the alleged prior conviction(s) in a different State limited to the use of Exhibit(6) a. Supporting facts: as the factual basis).

Petitioners contention maintains that People's Evidence Exhibit(6) is not and authenticated factual basis record of the prior conviction(s) in a different State, or trier of fact of the official judgement record adjudicated in open court and dose not support the truth in evidence of the offense(s) alleged as prior conviction(s) as read on the jury instruction verdict card alleging petitioner suffered Two(2) previous convictions, dated Dec-2-1986 for Robbery in violation of Arizona Revised Statute $13-1902 in case CR-158513 and CR-160284 in contention there is no record of these alleged conviction (s) on any information or charging document in the entire Peoples Evidence Listed Exhibit(s) identifing the Lawful jurisdiction of the court, and prosecutor were (See attached page-;

b. Supporting cases, rules, or other authority: Prima facie case showing (See: Reporter Transcripts pages 588 thru 592 Also see Clerk Transcripts, 525 and compare 574). See also RT pages 381 thru 390).

acting upon, as in contest due process
mandates that any adjudication in the
proven of a foreign allegation of prior con-
viction, must include the judgement and the
matters adjudicated therein which includes
and accusatory pleading. And further there
was actually a guilty plea and plea-agree-
ment accepted on Dec-2-1986 in Arizona
Criminal case No CR-158313 and CR 169284 an
both offense(s) were charged as two (2)
counts of Armed Robbery alleged as Non-dan-
gerous, Non-Repetitive in nature and in
violation of Arizona Revised Statute 13-1904
and not § 13-1902 and by no process of law
or reason acceptable to the American stand-
ards can such addmission of petitioner in
the original jurisdiction be construed to ad-
mit more than the charge laid.

7. Ground 2 or Ground __18__ (if applicable):

Ineffective assistance of trial defense counsel
in failure to conduct and independent official inve
stigation affording petitioner the right to call
witness(s) in support of a colorable defense

a. Supporting facts:

Petitioner contends trial defense coun-
sel swore out a declaration in support of a motion
for appointment of and investigator, stating in
pertinent part I Steven Cilenti declare: I was
appointed on or about Nov, 2005 to represent the
defendant in this matter In review of the file as
presented to me I have determined the following

Para 1. In review of several hundred pages of doc-
umentation including the incident report there
appears to have been no witnesses for the defen-
dant interviewed.

Para 12. I believe that the services of an investe
igator are essential to a vigorous and competent
preparation of the defense in this matter and with
out these services, I believe my client will not
receive a constitutionally-adequate defense
Notice; the Motion was not signed or executed.)

b. Supporting cases, rules, or other authority:

Prima facie case showing (see:
Clerk's Transcripts pages 596 thru 601), See also
CT's pages 226 thru 229 (Notice Proper trial readi-
ness motion CT's page 748 thru 751) Also CT's page 61N
615 para 11 (See Reporter Transcripts pages 607
thru 611 Marsden hearing)

7. Ground 2 or Ground __19__ (if applicable):

Ineffective assistance of trial defense coun-, sel, constructive denial due to corruption and interfering in the substantial rights to a consti-, utional fair trial and effect legal representation

a. Supporting facts:

Petitioner contends that over a time span of 26 month(s) leading up to the actual commencing of the trial petitioner was denied the right to prepare a colorable defense due in part to a continual pattern of reappointment of defense counsel(s) 6 in total without good cause showing or required declaration resulting in the denial of the appointment of and actual investigator to interview a single witness for and affirmed defense and the failure to con-test the State prisons intimidation and unexpl-, ained obstruction to lawful access to legal representation.

Petitioners prima facie case purposes in principles that mandate reversal when there is manifested evidence of corruption in support of this evidence standard involves-the facts that during (See attached pages

b. Supporting cases, rules, or other authority:

Prima facie case showing (See: Reporter Transcripts pages 159-60 (R.T.s pgs 170-171) RTs pgs 210 thru 216) RTs pgs 297 thru 302) (See also:; Clerk Transcripts pgs 100 thru 104) CTs pgs 633 also. CTs pgs 710 thru 716) Also Reporter Transcripts pgs 64 thru 67) (See Clerk Transcripts pgs 702 thru 703)

The appointment of counsel of record Ms H., Page; being designated as a very experienced trial lawyer with prison cases informed the court and silent, (See: R.T. s page# 230 Ms Page is under the impression that peace officers while acting under the color of administrative law can violate rules, regulations and procedural due process safeguards with impunity is beyon cavil and perjurious and misleading as any administrative law adverserial proceeding that expose's the accused to criminal prosecution any violation of regulation(s) or rules arising from a conflict of intrest or improper contact requires the criminal court to determine the resulting constitutional due process violations to the criminal case on the advocation of a competent counsel if counsel faile entirely to subject the prosecutions case to a meaniful adverserial testing the adverserial process itself becomes presumptively unreliable; <u>No Standard Procedural operation afforded</u>). Notice intrests protected by due process - liberty as a sheild from corruption and arbitrary government action prisoner retains some limited rights to liberty that are protected by due process.

Petitioner raises, (See attached page-,

the following due process violation question
of law and facts, affecting the right to a fair
trial

Notice the States key eye witness officer
H.L. Martin, was allowed to violate administra
tive law rules and regulation(s) while acting
under color of law creating a serious confli-
cit of intrest and procedural due process
violation in not being certified under law to
act was issued the duties of investigating
and securing the crime scene on 12-31-2002
and improperly concluded the entire inves
tigation with the taken of six*(6) crime scene
photograph(s) three*(3) of which where offered
to C/O H.L. Martin during cross-examination
in the criminal trial and when questioned
about the photo's gave erasive and mislead-,
ing answers failing to identify his self as
the prejudicial and bias unauthorized crime
scene investigator and actual photograph-
er notice only I.D.U. officers are certified to
conduct crime scene investigations and is
a explicit indicator of corrugtion and the
intentional obstruction of a criminal
investigation to ensure the denial of a fair
trial. (Violation of procedural standard 0.99.).
In addition under administrative and consti-,
tutional law it was (see attached page -,

improper for the D.A. investigator Ron Rios to contact Sgt. Cherry and not record the date or time allowing for misconduct to go undetected and discuss a incident report that was not refered to his office for investigation or prosecution as mandated under administrative regulation (s) rules and authority of the Penal Code; "Improper contact"). Violation of procedural, Operational Standards).

Further and in addition under violation of administrative law the administrative head Lt. & Machado conduct created a conflict of intrest in violating procedural due process safeguards in acting as the reporting and ranking supervisor in the incident leading to the criminal charging of count[*] 1 and in conflict acted as the Senior hearing officer in the incident that violated time frames in contriving a ruse to induce the missing element required to charge count[*] (2) of the information; "Unlawful fabrication of evidence." date of incident reports, 9-8-03, 9-12-03) Further in conflict of intrest, Sgt. Cherry the alleged victim in count[*] (2) processed the petitioners Citizen Complaint against the C/O & Gonzalez the victim in count[*] (1) and tampered with the petitioners sworn statement attached to the complaint.

7. Ground 2 or Ground **20** (if applicable):

The State magistrate Judge presiding over the preliminary hearing "Abused its discretion in failing to disqualify hisself after the prosecutions motion raising peremptory challenge was timely granted.

a. Supporting facts:

Petitioners contention maintains the State magistrate Judge failure to disqualify hisself from the arraigment proceeding dated June 7-2004) after being officially being disqualified on May 26-2004; which prejudicially cause the violation of the petitioners substantial rights to the seting of a bail amount and the right to and impartial criminal proceeding and due process.

b. Supporting cases, rules, or other authority: Prima facie case showing (See: Clerk Transcripts page # 15 "Peremptory Challenge".) (See: Reporter Transcripts pages 69 thru 71 record of Arraigment proceedings.)

7. Ground 2 or Ground **2 I** *(if applicable):*

Ineffective Assistance of Appellate counsel
in failure to augment and investigate the
missing records of the Arraigment proceeding
on appeal as official duries mandate.

a. Supporting facts:

Petitioners contention maintains
that it is Appellate counsels duties to raise
appeal on the full record and raise all iss-,
ue's, counsel failed to raise the fact that
the courts Clerks failed to prepare the noti-,
ce of the Transcripts in the block of pages *
72 through 82 for the date of June-10-04 and
appellate counsel to file a motion requesting
the missing record failed to investigate the
legality of the Arraignment proceedings on
the review of the totality of the entire circu-
mstances violating petitioner rights to
effective assistance of counsel on first
appeal.

b. Supporting cases, rules, or other authority:

Prima facie case showing (See:
Declaration of Clerk Pamela A. Harris CSR No-
6325 dated 11-9-06) page *2, documenting the
failed preparation of June-10-04 Transcripts).
See also Clerk Transcripts page *64).

7. Ground 2 or Ground __22__ (if applicable):

The State trial court abused its discretion in the use of Peoples Evidence Exhibit (s) "4, 5, and 6 as the recognized trier of fact in proven the alleged ation of prior conviction(s) in a different State

a. Supporting facts: (Constitutes insufficient evidence and (denial of due process).

Petitioner Supporting facts maintain the States failure to offer any evidence of the official court of original jurisdiction's factual basis record(s) of the entry of final judgement constitutes a denial of due process and insufficient evidence to support the secondary trial courts finding in a different State due process requires petitioner must be afforded the right to appeal from the original judgement of conviction record(s) Notice petitioner previous conviction in a different State is in fact a plea agreement and is a contract and is interperted on the official record(s) and contract law analysis and is exclusive to the written record.

b. Supporting cases, rules, or other authority: Prima facie case showing (See: Clerk Transcripts pages "444, 445) (See also Reporter Transcripts pages "584 thru "592).

**7. Ground 2 or Ground 2 3** *(if applicable):*

Ineffective assistance of trial defense counsel in failing to challenge the lack of sufficient evidence in support of count (2) Resisting and Executive officer after the State moved to dismiss the special allegation of Great Bodily

a. Supporting facts: "Injury alleged in Count (1)."

Petitioner supporting facts maintains that trial defense counsel had a clear and present duties to formally request a motion granting the dismissal of Count (2) of the information, after the special allegation of G.B.I. was dismissed from the information, alleged and conjoined as part of Count (1) and petitioner contends further and maintains that trial defense counsel was obligated to move for a dismissal of, Count (2) of the information as the State magistrate presiding over the preliminary hearing based its finding on the "specific Intent elements" of force or fear on the charging of Count (2) was in fact supported on inference drawn from the presumption of guilt as to the charge of causing Great Bodily Injury in Count (1) of the information and it is the petitioners position that when the State prosecution moved to, (See attached page:

b. Supporting cases, rules, or other authority:
Prima facie case showing (See: Reporter Transcripts page 66 Pre-Lim report, (See R.To 251 thru 258 (RTs pg 315)(See R.To 381)(See: CTs pgs 382 thru 416 (Also see CTs pgs 709 thru 714),

dismissed the allegation of G.B.I, alleged as
Count* (1) the resulting opposed affect seems to
have squished the sufficient evidence required in
support of the charging of Count* (2) of the inform-
ation;

Petitioner maintains being further prejud-
iced in receiving ineffective assistance of trial
defense counsel as it seem the prosecutions
dismissal of; Great Bodily Injury initially cha-
rged as the "Special Allegation of count* (1) only
came about in response to the Marsden motion
petitioner filed on May-30-2006 to avoid the know-
ing use of perjurious testimony of the victim
alleging G.B.I as to Count* (1); (See also Pareta
motion filed on May-30-06). In addition trial
defense counsel failed to cross examine the
victim G. Gonzalez and disentangle the influ-
ence and bias of the victims explicit perjurious
testimony used to taint petitioners rights to a fair
and impartial trial;

And as a matter of record
allowed the State to use Count* (2) as a ruse to
conspirer and induce a wrongful conviction
of the petitioner which was the petitioners
purposed defense of prior to the appointment
of Steven Cilenti as trial defense counsel
who undermined petitioners rights to and
effective defense on all viable trial issue(s).

7. Ground 2 or Ground __2 4__ *(if applicable)*:

Ineffective assistance of trial defense counsel abandoning the court ordered granting of the reques. ors for and expert witness denied petitioner the right to explore a potential defense and fair trial.

a. Supporting facts:

Petitioner maintains trial defense counsel decision to abandon the court ordered granting of the appointment of a handwriting expert to pursue the petitioners-to investigat- ive lead into a colorable defense was not a reasonable exercise of professional judgement and implicate a continual pattern of under- mining the last visage of the facial validity of the constitutional right to adquate defense that could potentially exposes corruption and State goverment misconduct.

                                              furthermore trial defense counsel reasoning for abandoning the appointment of his clients expert witness is unreasonable "on the face of the record" Kor.ice the I.S.U officer K. Rutherford interviewed officer B., Gonzalez while at Surter hospital on the date of the incident (12-31-02). See attached page-,

b. Supporting cases, rules, or other authority:

                              (See no prima facie case Clerk Transcripts pg's 620*, 262*, 123*, 105 (See also report. er Transcripts page, 519, 520

33

and recorded his officer Gonzalez's descript-,
ion of the alleged incident/crime

                    And its is

this petitioner offer of inconsistence is
identification of a prima facie case; Notice
on the same date of, 12-31-02 the alleged
reporting officer Lr. E. Machado wrote
and additional report and in odds with
the trained investigator report I.D.U officer
K. Rutherford gave a more descriptive de-
tailing of the event that alleged to have
occurred on 12-31-02

                    And in offer of compro-
mise Lr E Machado report is more in line
with the report alleged to have been writ.,
en by victim, C/O Gaylord Gonzalez and to
the contrary of trial counsels assertion
that, Gonzalez explained the delay in his
writing of his official incident report a
day later, this does not explain Lr.
Machado involvement and the unexplained
timeline of how he got his information
a day earlier and is the issue of fact.

Notice Officers H Martin and Flemming respo-
nded to stop the assault and assisted
officer Gonzalez (Also, note based on this
information Facility C was ordered lock down
(12-31-02

AO 241 (Rev. 5/85)

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☐
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

 2 - 4 - 0 9 
 (date)

 Currio Scott 
Signature of Petitioner

(7)

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Curtis Scott_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _CSP Corcoran_

_____Prison,

in the county of _King_____,

State of California. My prison address is: _P. O. Box - 3461_____,

_____

On_____,
                    (DATE)

I served the attached: _Amended habeas corpus petition_____

_____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows: _Eastern_

_Dist Ct, 501 I St*. 4-200, Sacramento, CA. 95814_

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _2-4-09_____          _Curtis Scott_____
              (DATE)                (DECLARANT'S SIGNATURE)

# CORCORAN
## STATE PRISON, AT CORCORAN
### "3A" FACILITY LIBRARY

## REQUEST FOR VERIFICATION OF LEGAL DEADLINE
## REQUEST FOR PRIORITY LEGAL USER STATUS

**NOTICE: This form is for inmates with court deadlines only. Approval will only be granted if you provide documented proof of a court deadline.** PLU status, are inmates with verifiable court deadline within thirty (30) days. If you meet these criteria, you must mail an "Inmate Request for Interview" form with documentation showing proof of the deadline to the Facility "3A" Librarian listed below. The word **"Priority"** must be included in your communication per DOM supplemental 53060. If an inmate indicates that he should have "Priority" access but can not provide proof indicating deadline, is in violation of CCR Title 15, Section 3021 and is subject to CDC-115.

**I have a court deadline and request PLU status.**

NAME: Scott     CDC #: K91539     CELL #: 3A01-242

JOB ASSIGNMENT:  —  HOURS:  —  RDO'S: —

NAME OF COURT: USDC EDCA     PHONE #

CASE NUMBER: 2:08-CV-2227     COURT CLERK NAME OR JUDGE M.Veller

NAME OF ATTORNEY:  —  HIS PHONE# —

COURT DEADLINE DATE (MUST BE WITHIN 30 DAYS): 03 05 09

INMATE SIGNATURE:     TODAY'S DATE: 02 26 09

**· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·**

### WRITE NOTHING BELOW THIS LINE !!!

BEGINNING PLU STATUS DATE: 02 26 09     ENDIND: 02 05 09

DEADLINE VERIFIED: (YES)    NO

(APPROVED) / DISAPPROVED

COMMENTS: verified via attached doc

STAFF NAME (PRINT ONLY): B. Sanders R. CERTINI

STAFF SIGNATURE:     DATE: 02 26 09

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

Describe only this reporting periods specific Plan of Operation

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER: |
|---|---|---|
| CSP-CORCORAN | February 13, 2009 | COR-PSR-03A-09-01-002 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|
| | ☐ INITIAL | ☒ UPDATE | ☐ CLOSURE |

RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☐ ALL | ☐ BATTERY |
| ☒ FACILITY: 3A | ☒ BLACK and Cellmates | ☐ DEATH |
| ☒ HOUSING UNIT: 1,2,4,5 | ☒ WHITE and Cellmates | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER WEAPONS |
| ☐ OTHER: | | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☐ NORMAL | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT/ IN RESTRAINTS | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☐ | ☐ CULINARY | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ CLERKS | **RECREATION** |
| ☒ OTHER: EXCEPT VISITING | ☐ VOCATION/EDUCATION | ☐ NORMAL |
| | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES |
| **FEEDING** | ☐ CLOTHING ROOM | ☐ MODIFIED: |
| ☐ NORMAL | ☐ RESTRICTED WORK PROGRAM | |
| ☐ CELL FEEDING | ☐ PORTERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | ☒ NO INMATE WORKERS | ☐ NORMAL |
| ☐ HOUSING UNIT/DORM AT A TIME | **SHOWERS** | ☒ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☐ NORMAL | ☐ MODIFIED: |
| ☐ TIER AT A TIME | ☒ ESCORTED | |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ ONE INMATE PER SHOWER – OWN TIER | **PACKAGES** |
| ☐ SACK MEAL BREAKFAST | ☒ CELL PARTNERS TOGETHER – OWN TIER | ☐ NORMAL |
| ☒ SACK MEAL LUNCH | ☐ DORM SHOWERING BY GROUP | ☒ NO PACKAGES |
| ☐ SACK MEAL DINNER | ☐ CRITICAL WORKERS ONLY | ☐ MODIFIED: |
| **DUCATS** | ☐ NO SHOWERS | |
| ☐ NORMAL | **MEDICAL** | **PHONE CALLS** |
| ☒ MEDICAL DUCATS ONLY | ☐ NORMAL MEDICAL PROGRAM | ☐ NORMAL |
| ☒ CLASSIFICATION DUCATS | ☒ PRIORITY DUCATS ONLY | ☒ NO PHONE CALLS |
| ☒ PRIORITY DUCATS ONLY | ☐ CONDUCT ROUNDS IN UNITS | ☐ MODIFIED: |
| **VISITING** | ☐ INMATES ESCORTED TO SICK CALL | |
| ☒ NORMAL VISITING/ ESCORT UN-RESTRAINED | ☒ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☐ NON-CONTACT ONLY | ☐ OTHER: | ☐ NORMAL |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| ☒ OTHER: ESCORT - UNRESTRAINED | ☐ NORMAL | ☒ MODIFIED: Chaplin tours units |
| | ☒ APPROVED COURT DEADLINES | |

REMARKS: ☐ Approved ☐ Disapproved

This PSR (part B) is being updated to reflect effective on Saturday, February 14, 2009, all Black and White inmates and cellmates on Facility III-A, G.P will be allowed contact visiting privileges. Inmates shall be under escort to and from visiting without restraints. All other current Program Status Report modifications shall remain in effect.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|
| M. JENNINGS, FACILITY CAPTAIN, III-A | | DERALL G. ADAMS, WARDEN, CSP-CORCORAN | 2 /0 09 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

**CONFORMED COPY**
**ORIGINAL FILED ON**

IN AND FOR THE COUNTY OF KINGS

DEC 0 1 2008

TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

In re Application of

GREGORY OTT; CURTIS SCOTT,

Petitioners,

for Writ of Habeas Corpus.

No. 08W0209E

ORDER DENYING MOTION FOR
RECONSIDERATION

Petitioners, GREGORY OTT and CURTIS SCOTT (collectively referred to hereinafter in the singular as "Petitioner"), filed a joint petition for writ of habeas corpus on August 24, 2008 ("petition"). Petitioner complained therein that Corcoran State Prison personnel ("Respondent") are interfering with his ability to mail legal/confidential documents to various courts. Petitioner also contended that the Law Librarian on 3A Yard had been instructed to deny copies paid for by him. Petitioner claimed that he was told that he must hand-copy Operational Policies but was then denied access to the Law Library during all school and work hours. Petitioner admitted that he had not exhausted available administrative remedies concerning his claims.

On October 21, 2008, an Order Denying Petition for Writ of Habeas Corpus was filed. On November 17, 2008, Petitioner filed a Motion for Reconsideration. It appears that by his Motion Petitioner is attempting to submit new documents in support of his denied claim for habeas relief. However, it does not appear that the facts and/or documents set forth within the Motion, which may be seen as directly relevant to Petitioner's claims within the petition, were unknown to Petitioner at the time of his original filing.

The court also notes that as to Petitioner Curtis Scott, individually, it does not appear that any of the documents attached to the Motion demonstrate a pre-filing attempt at administrative exhaustion. (*In re Dexter* (1979) 25 Cal. 3d 921, 925; *Wright v. State of California* (2004) 122 Cal. App. 4th 659.)

IT IS HEREBY ORDERED, the Motion for Reconsideration is denied. If Petitioner disagrees with the denial of his petition, his remedy is to file a petition with the Court of

1  Appeal, Fifth Appellate District.   Alternatively, Petitioner may file a new petition with this
2  court which attempts to avoid the bar against successive petitions by including therein a
3  clear and concise explanation of why new facts and/or documents relating to a previously
   denied request for relief were not and/or could not have been raised therein.

5  Dated: DEC 0 1 2008 , 2008          GEORGE L. ORNDOFF, JUDGE

6                                      George Orndoff,
                                       Judge of the Superior Court

**CONFORMED COPY
ORIGINAL FILED ON**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF KINGS

DEC 0 2 2008



TODD H. BARTON, COURT EXECUTIVE OFFICER
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

In re Application of
GREGORY OTT; CURTIS SCOTT
Petitioner,

For Writ of Habeas Corpus

Case No.: **08W0209E**

**PROOF OF SERVICE BY MAIL**

I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of 18 years, and not a party to the within action. I further declare that on December 2, 2008, following the Court's ordinary business practices with which I am readily familiar, I served the within **ORDER DENYING MOTION FOR RECONSIDERATION** by depositing a true copy thereof, enclosed in a sealed envelope, at the location designated by my place of business for same day collection and mailing with the United States mail at Hanford, California, addressed as follows:

**Gregory Ott, T-55322**
3A04-236L
P.O. Box 3461
Corcoran, CA 93212

**Curtis Scott, K-91539**
3A01-242
P.O. Box 3461
Corcoran, Ca 93212

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed at Hanford, California.

Executed on December 2, 2008, at Hanford, California.

**TODD H. BARTON
COURT EXECUTIVE OFFICER/CLERK OF THE COURT**

By: Amanda Ronquillo, Deputy Clerk

**PROOF OF SERVICE BY MAIL**

# DECLARATION

I declare I am Curtis Scott and currently located at C.S.P. Corcoran C.A. 93212 P.O. Box - 3461 ( 3A01-242

I declare that the 3A-yard of Corcoran prison has been on modified program, 1-12-09 due to a racial riot effecting normal movement; and under these circumstances I Curtis Scott had timely submitted and application to gain access to the law library on 3A-yard; in and effort to obtain copies of and Amended habeas corpus in compliance with Federal Court rules requiring 1 orig and 2 copies, and due to the failure of 3A law librarian to properly schedule the mandated access, declarant has no meaningful access to the copy of legal documents and under the stated obstruction, I am requesting waiver on the required additional (2) copies; to avoid the harm of possible dismissal of petition in Case No 2:08 CY: 2227 GEB-KJm. in failure to meet deadline for filing, on good cause showing (Notice, See attached prima facie showing.

I am Curtis Scott and declare under penalty of perjury, that the aforementioned declaration and Statement of facts are true and correct and executed on the 4th day of Feb, 2009 ).

Curtis Scott
Declarant